**APEX POOL EQUIPMENT CORP.,**
**Plaintiff,**

v.

**VENETIAN POOLS, INC., a/k/a Apex Pools of New England, Frederick W. Solomon and Edward Kurker, Defendants.**

**No. 70 Civ. 4252.**

United States District Court,
S. D. New York.

Jan. 29, 1971.

Greenspan, Aurnow & Davis, White Plains, N. Y., for plaintiff.

Walsh & Levine, New York City, for defendants; J. Levine, New York City, of counsel.

### MEMORANDUM

TENNEY, District Judge.

By notice of motion dated November 10, 1970, defendants move pursuant to Fed.R.Civ.P. 12(b) (2) for an order dismissing the within complaint or, in the alternative, setting aside service of proc-

ess on the grounds that they have not been properly served.

Preliminary to a consideration of the issues raised herein, it should be noted that on January 21, 1971 this motion was assigned to me by the Chief Judge of this court as the result of another judge's having disqualified himself.

The underlying suit was commenced by plaintiff Apex Pool Equipment Corp., a swimming pool manufacturer, against Venetian Pools, Inc. a/k/a Apex Pools of New England (hereinafter referred to as "Venetian"), plaintiff's Massachusetts distributor, and the two individual defendants named herein as guarantors of Venetian, for the balance of money allegedly due plaintiff for goods shipped and delivered to Venetian.

The relevant facts which are not in dispute are as follows.

On November 28, 1969, plaintiff, a New York corporation, and Venetian, a Massachusetts corporation not doing business in New York, entered into an exclusive franchise agreement, the terms of which were embodied in a contract prepared by plaintiff. Said contract, in part, provided that:

"Distributor [Venetian] hereby irrevocably appoints the Secretary of State of the State of New York as its agent for service of process with regard to any claim arising hereunder." [1]

It further appears from the contract of guaranty, which was also prepared by plaintiff, that the defendant guarantors appointed Donald Broadhurst as their agent for service of process.[2] By the terms of the guaranty, Mr. Broadhurst was required, if and when served, to mail a copy of the process to his principals—the guarantors.

Predicated upon the foregoing, movants contend that service upon the corporation (Venetian) was invalid because the Secretary of State was never properly served, and that the service upon the individual defendants was similarly ineffective because plaintiff's attorneys and not Mr. Broadhurst forwarded the process to the guarantors.

Undercutting the initial thrust of these arguments is the affidavit filed by Mr. Broadhurst in opposition to this motion, wherein he states that although the copies of the summons and complaint were mailed in an envelope from the offices of plaintiff's attorneys which also contained a letter from them as counsel, he personally placed said envelope containing the copies of the process in the mail to be forwarded to the guarantors. In the same affidavit, he further states that since the individual defendants are officers of the corporate defendant, the mailing of process to them constitutes sufficient service upon and notice to the corporation regarding commencement of this action.

With regard to the individual defendants, I find the service upon them consistent with the requirements of Fed.R.Civ.P. 4(d) (1) which, in pertinent part, provides that service be made "[u]pon an individual * * * by delivering a copy of the summons and of the complaint to an agent authorized by appointment * * * to receive service of process." Mr. Broadhurst was an authorized agent of the two individual defendants and was served. Insofar as defendants contend that it was plaintiff's attorneys who forwarded the process to them instead of Mr. Broadhurst, this is flatly refuted by Mr. Broadhurst who has unequivocally stated that he physically mailed the copies of the process to them. The effectiveness of such service, as agreed to by the parties, will not be negated simply because the forwarding envelope was supplied by plaintiff's attorneys and contained a letter from them. Since prompt notice was given the individual defendants by their

---

1. Pltf.'s Exh. A, annexed to Def.'s Notice of Motion (dated Nov. 10, 1970).

2. Pltf.'s Exh. B, annexed to Def.'s Notice of Motion (dated Nov. 10, 1970).

appointed agent the requirements of Fed.R.Civ.P. 4(d) (1) are satisfied and the service will be upheld. National Equip. Rental, Ltd. v. Szukhent, 375 U. S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964).

■ As for the service upon the corporation, although the franchise agreement designated the Secretary of State as Venetian's agent for service of process, this by itself would not, of course, preclude utilization of other valid means of service. For example, service upon a corporate officer or director would, both under the New York State and federal law, constitute valid service upon a corporation. Fed.R.Civ.P. 4(d) (3), 4(d) (7); N.Y. CPLR § 311 (McKinney 1970).

■ However, in the instant suit service upon the corporation was attempted by serving Mr. Broadhurst who was neither a designated agent of the *corporation* nor an officer thereof. Service upon such person who is the agent of two corporate officers in their individual capacities, but who is not an agent of nor statutorily authorized to receive service of process for the corporation (*e. g.*, an officer, director or managing agent), is not reasonably calculated to give notice of the action to the corporation. Thus, since neither the Secretary of State nor any corporate officer, director or agent was served on behalf of the corporate defendant herein—and no valid excuse having been given for the failure to serve the corporation in accordance with the terms of either the franchise agreement or the applicable federal or state statutes, I am constrained to set aside the service of process upon the defendant corporation.

Accordingly, and for the foregoing reasons, defendants' motions are denied except that the service of process upon the defendant corporation is set aside without prejudice to plaintiff's right to re-serve said defendant.

So ordered.